**UNITED STATES DISTRICT COURT**
**DISTRICT OF ALASKA**

<table>
<tr><td>

UNITED STATES OF AMERICA,

                  Plaintiff,

vs.

ROLANDO HERNANDEZ-ZAMORA,

                  Defendant.

</td><td>

3:21-CR-00062-JMK-MMS-1

**REPORT AND RECOMMENDATION ON MOTIONS AT DKTS. 170, 172, & 174–75**

</td></tr>
</table>

## I.    MOTIONS PRESENTED

The indictment charges Rolando Hernandez-Zamora ("Hernandez-Zamora") with one count of cyberstalking.[1]  Dkts. 2 and 31.  On April 5, 2024, Mr. Hernandez-Zamora, with the non-substantive assistance[2] of his hybrid counsel, filed several motions to dismiss.  Dkts. 170, 172, and 174–75.

The defendant's first motion is to dismiss for fraud, wherein he accused the Alaska Federal Public Defender's Office, the Criminal Justice Act Panel, and his previous counsel of waiving his speedy trial rights without his consent for the purposes of receiving additional funds for his now prolonged defense.  *See generally*, Dkt. 170.  His second

---

[1] 18 U.S.C. §§ 2261A(2)(A) and (B), 2261(b)(6).
[2] Alexis Elise Howell assisted Mr. Hernandez-Zamora with matters such as translation, transcription, and compliance with the Local Rules, such as preparing a proposed order for each motion.  Otherwise, the motions are his own words.  Her assistance is welcome and appreciated by this Court.

motion asks this Court to find that it does not have jurisdiction because the alleged events and individuals involved were located within Alaska, and therefore, it should be tried before an Alaska state court. *See generally*, Dkt. 172. His third motion asks for dismissal after his prior counsel, he argues, breached his duty of confidentiality. *See generally*, Dkt. 174. His last motion asks this Court to dismiss under *Brady* because the government has not provided him an extraction of his cellphone, thumb drives, or his computer. *See generally*, Dkt. 175.

The government submitted an omnibus response. Dkt. 183 (sealed). The government, after a lengthy description of the allegations that it seeks to prove at trial, argued that Mr. Hernandez-Zamora's arguments lacked merit as a matter of law, and consequently, should be denied. *Id.* Specifically, it argued that conduct by parties other than the government, such as his prior counsel or the Criminal Justice Act Panel, do not implicate this Court's supervisory powers to dismiss an indictment, that Congress has the right to regulate the cyberstalking alleged in the indictment, and that there was no *Brady* violation. *Id.*

No evidentiary hearings were held, nor were there any motion hearings. However, at the April 19, 2024 discovery management conference, this Court heard briefly from the parties on the *Brady* issue. Dkt. 184. The government argued that it has not withheld discovery from the defendant because his cellphone is locked, and the government has not been able to extract information from it absent the defendant's assistance. *Id.* The government also argued that it has no record of being in possession of a computer or thumb

drives. *Id.* Whether Mr. Hernandez-Zamora will assist with the extraction appeared to be an open question, one on which this Court takes no position at this time.

This Court hereby issues its Report and Recommendation regarding Hernandez-Zamora's Motions. Dkts. 170, 172, and 174–75. For the reasons below, the motions should be **DENIED**. 28 U.S.C. § 636(b)(1)(B).

## II.    DISCUSSION

Mr. Hernandez-Zamora's recent motions should be denied. His motions at Dkts. 170, 172, and 174 should be denied for legal insufficiency, even assuming that the allegations within are true. His motion to dismiss under *Brady* (Dkt. 175) should also be denied, as this Court does not believe that the government's conduct here amounts to a *Brady* violation, and even if it did, dismissal is not the proper remedy.

### a.    The motions to dismiss for fraud and for attorney misconduct should be denied.

Mr. Hernandez-Zamora has two motions seeking to dismiss the indictment for the misconduct of those outside of the United States Attorney's Office. Dkts. 170 and 174. Because this Court does not believe that the principle of deterrence would be served by dismissing a prosecution for the actions of defense counsel or the Criminal Justice Act Panel, it believes that these motions should be denied.

Federal courts have the inherent supervisory authority to dismiss an indictment. However, this is a drastic and severe measure to be used sparingly. When an indictment is dismissed for misconduct, that misconduct must be worse than simply wrong. "[O]utrageous government conduct[,]" conduct which violates a defendant's Due Process

rights, may warrant dismissal.[3]  To be in violation of Due Process, the government's

"conduct must be 'so grossly shocking and so outrageous as to violate the universal sense

of justice.'"  *Id.* at 1092.  It must be both flagrant and cause substantial prejudice to the

defendant.[4]  Absent either of these conditions, it would be an abuse of discretion for this

Court to dismiss.  *Id.*

The term "government" is narrowly construed for this purpose.  While one may

colloquially refer to any government employee as being part of the "government,"

governmental misconduct for the purposes of dismissal in this context must refer to the

actions of the prosecution team.  The purpose of dismissal for governmental misconduct is

not to establish that a defendant is innocent.  Instead, it is to punish the prosecution for

making decisions that are so contrary to one's civil liberties that the court finds it necessary

to deter it from making those same decisions again, even if that means allowing a guilty

defendant to walk free.[5]  With that in mind, this Court would not be in a position to punish

the United States Attorney's Office for actions taken outside of its control, such as the

actions of any of Mr. Hernandez-Zamora's prior attorneys or the Criminal Justice Act

Panel.[6]

At most, these motions amount to ineffective assistance of counsel claims, but such

arguments have not been developed by the parties, and claims regarding ineffective

---

[3] *United States v. Barrera-Moreno*, 951 F.2d 1089, 1091 (9th Cir. 1991).
[4] *United States v. Jacobs*, 855 F.2d 652, 655 (9th Cir. 1988).
[5] *See*, *United States v. Chapman*, 524 F.3d 1073, 1085 (9th Cir. 2008).
[6] *See*, *United States v. Rogers*, 751 F.2d 1074, 1080 (9th Cir. 1985).

assistance of counsel are not typically ripe until the final judgment has been entered.  As

such, the motions at Dkts. 170 and 174 should be denied.

### b.        The *Brady* challenge should be denied.

A court can also dismiss a case for the prosecution's violation of *Brady v.

Maryland*.[7]  "There are three components of a *Brady* violation: 'The evidence at issue must

be favorable to the accused, either because it is exculpatory, or because it is impeaching;

that evidence must have been suppressed by the State, either willfully or inadvertently; and

prejudice must have ensued.'"[8]  However, dismissal is not the only remedy for *Brady*

violations.  For instance, a court could suppress evidence that could have been impeached

by the withheld materials.  *Id.*  Prior to trial, a court could also order disclosure of the *Brady*

materials and/or continue the trial to ensure that it will be "of value to the accused."[9]  If

either of these options could remedy the violation, this Court would be hesitant to

recommend the severe sanction of dismissal.

The defendant argues that he did not receive the extraction from his cellphone and

other electronic devices taken from his home.  Dkt. 175.  The government argues that it

has not successfully extracted information from the cellphone and that it is not in

possession of the computer or thumb drives that the defendant references.  Dkt. 183 at 18–

19.  In support of its non-possession argument, it proffered a number of Bates ranges

totaling under 20 pages, explaining that they are inventory item logs that do not list these

---

[7] 373 U.S. 83 (1963).
[8] *United States v. Price*, 566 F.3d 900, 907 (9th Cir. 2009) (citing *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999)).
[9] *United States v. Gamez-Orduno*, 235 F.3d 453, 461 (9th Cir. 2000).

materials.  *Id.* at 18.  While the government did not attach these documents as exhibits, this Court will for now accept its representation.  In the event that this proffer is inaccurate, this Court will reconsider this matter.

As to the cellphone extraction, the government argued at a discovery management conference that it has not successfully extracted cell phone data, because the phone is password-protected, and that the defendant has not cooperated with its unlocking.  Dkt. 184.  If the phone cannot be unlocked, the government is not able to disclose what it cannot access.  Further, it appears to this Court that the parties have negotiated whether to unlock the cellphone and that such discussion may be ongoing.  This Court does not find this to fall under *Brady*.

To the extent that *Brady* is implicated, the remedy should be to compel production of the contemplated discovery, rather than to dismiss the case in its entirety.  As of this date, Mr. Hernandez-Zamora does not have a trial scheduled.  If he were to need additional time to have these materials be of value to his defense, District Judge Joshua M. Kindred can take that into account when scheduling the trial.

 c.      **18 U.S.C. §§ 2261A and 2261 are constitutional under the Commerce Clause.**

The Constitution empowers Congress "[t]o regulate commerce [. . .] among the several States[.]"  U.S. Const. Art. I, Sec. 8, cl. 3.  This includes "regulat[ing] and protect[ing] the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities."  *United States*

*v. Lopez*, 514 U.S. 549, 558 (1995).  As the government cites, "[t]elephones are instrumentalities of interstate commerce that fall within the second *Lopez* category."[10]

Mr. Hernandez-Zamora cites *Bond v. United States*,[11] for the proposition "that local criminal activity should be left to the states[.]"  Dkt. 172 at 3.  The holding in *Bond*, however, was more a matter of statutory construction than constitutionality.  The Supreme Court held that absent a clear statement of congressional intent to do so, courts should not read federal statutes to disrupt the traditional balance between the federal and state governments by prosecuting "purely local crimes[.]"  *Bond*, 572 U.S. at 860 & 866.  The Ninth Circuit devised a clear rule on how to apply *Bond*: if Congress uses language to the effect of "in or affecting interstate or foreign commerce[,]" it has provided its clear statement of intent to apply a statute to purely local criminal activity, at least to the extent of its constitutional authority to do so.[12]  The statutes under which Mr. Hernandez-Zamora is indicted refer to "interstate or foreign commerce" repeatedly, and this Court finds these references qualify as congressional intent for them to apply to local crimes.  *See*, 18 U.S.C. Secs. 2261A and 2261.

The discrete question of the constitutionality of Secs. 2261A and 2261 has not been addressed by the District of Alaska, the Ninth Circuit, or the Supreme Court.  However, the handful of courts that have considered this matter have found the statute to be within the second *Lopez* category of instrumentalities of interstate commerce, even if the alleged

---

[10] *United States v. Nader*, 542 F.3d 713, 717 (9th Cir. 2008).
[11] 572 U.S. 844 (2014).
[12] *United States v. Walls*, 784 F.3d 543, 547 (9th Cir. 2015).

conduct was purely local. *See*, *United States v. Roberts*, 84 F.4th 659, 671 (6th Cir. 2023), *cert. denied*, 144 S. Ct. 867 (2024) (finding Sec. 2261A to be within Congress's Commerce Clause powers because it has a "jurisdictional hook" and because it regulates the "instrumentalities of interstate commerce" under *Lopez*, even if the alleged conduct is intrastate.); *United States v. Torres*, No. 20-CR-608, 2021 WL 1947503, at *4 (S.D.N.Y. May 13, 2021); *United States v. Elkins*, No. 3:23-CR-0247, 2024 WL 1318866, at *3 (N.D. Tex. Mar. 26, 2024).

This Court agrees with the above-cited decisions that Secs. 2261A and 2261 are a constitutional expression of Congress's authority under the Commerce Clause. U.S. Const. Art. I, Sec. 8, cl. 3. Interstate communication systems are instrumentalities of interstate commerce, and telephones qualify as such. Prohibiting cyberstalking and making threats via a telephone is a permissible regulation of that instrumentality. As such, this Court finds that the cyberstalking statutes are constitutional under the Commerce Clause and that their application is appropriate even when the alleged conduct is "purely local."

## III.    CONCLUSION

For the reasons set forth above, Mr. Hernandez-Zamora's motions to dismiss should be **DENIED**. 28 U.S.C. § 636(b)(1)(B).

DATED this 24th day of April, 2024, at Anchorage, Alaska.

_____
MATTHEW M. SCOBLE
CHIEF U.S. MAGISTRATE JUDGE

Pursuant to D. Alaska Loc. Mag. R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than the CLOSE OF BUSINESS on May 8, 2024. Failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. *Miranda v. Anchondo*, et al., 684 F.3d 844 (9th Cir. 2012). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation. *United States v. Howell*, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed five (5) pages in length and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before the CLOSE OF BUSINESS on May 15, 2024. The parties shall otherwise comply with provisions of D. Alaska Loc. Mag. R. 6(a). Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).