Alexis Howell
Carlson Law Group, LLC
645 G Street, Suite 100, #558
Anchorage, AK 99501
P: 907.677.8111
F: 907.917.2075
Email: alexis.h@bcarlsonlaw.com

CJA Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ROLANDO HERNANDEZ-ZAMORA, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No.: 3:21-cr-00062-JMK-MMS <br><br> **MOTION FOR BILL OF PARTICULARS** |

**COMES NOW,** Defendant Rolando Hernandez-Zamora ("Rolando"), by and through his counsel of record, Alexis E. Howell, with Carlson Law Group, LLC, and hereby moves this Honorable Court to direct the Government to provide him with a Bill of Particulars. This motion is made pursuant to the Sixth Amendment and the Fifth Amendment's due process clause, as well as Fed. R. Crim. P. 7(f). Rolando is requesting that the Government clarify the indictment in the instant case in the following respects:

*By what specific means did Rolando allegedly use "any interactive computer service and electronic communication service and electronic communication system of interstate commerce, and any other facility of interstate and foreign commerce?"*

*On what dates between May 2016 and May 29, 2020, did Rolando allegedly violate*

*this statute?*

*How many discrete occasions does the Government believe Rolando committed these offenses?*

*Which protective order or orders were violated during the alleged cyberstalking?*

As explained in the memorandum filed herewith, the indictment is insufficiently specific to permit Rolando a meaningful opportunity to prepare a defense, and is insufficiently specific to prevent a conviction or charging for the same misconduct in a later trial. This motion is supported by a memorandum and proposed order.

Respectfully submitted this 6th day of May 2024.

/S/ Alexis Howell
645 G Street, Suite 100, #558
Anchorage, Alaska 99501
P: 907.677.8111 / F: 907.917.2075
Alaska Bar No.: 2305038

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 6th day of May 2024, a true and accurate copy of the Foregoing Document has been caused to be served via electronic filing to the parties, including:

AUSA Jennifer Lowe Ivers

/S/ Alexis Howell
Alexis Howell

Alexis Howell
Carlson Law Group, LLC
645 G Street, Suite 100, #558
Anchorage, AK 99501
P: 907.677.8111
F: 907.917.2075
Email: alexis.h@bcarlsonlaw.com

CJA Counsel for Defendant

IN THE UNITED STATES

DISTRICT COURT OF ALASKA

| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>vs.<br><br>ROLANDO HERNANDEZ-ZAMORA,<br>Defendant. | Case No.: 3:21-cr-00062-JMK-MMS<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR BILL OF PARTICULARS** |
|---|---|

## I. FACTS

On May 19, 2021, the United States filed a one-count indictment charging Defendant Rolando Hernandez-Zamora ("Rolando") with cyberstalking in violation of 18 U.S.C. § 2261A(2)(A) and (B), 2261(b)(6).[1] On November 19, 2021, the Government filed a First Superseding Indictment, alleging the same offense as the original indictment, and adding that the charge was committed in violation of a protective order.[2] The indictment alleges that between May 2016, "the exact date being unknown" and May 29, 2020, within the District of Alaska and elsewhere, Rolando "with the intent to kill, injure,

---

[1] Docket 1.
[2] Docket 32.

MOTION FOR BILL OF PARTICULARS  *United States v. Hernandez-Zamora*
Page 1 of 6  Case No.: 3:21-cr-00062-JMK-MMS
Case 3:21-cr-00062-MAH    Document 203    Filed 05/06/24    Page 3 of 8

harass, intimidate, and place under surveillance with intent to kill, injure, harass, and intimidate another person" "used any interactive computer service and electronic communication service and electronic communication system of interstate commerce, and any other facility of interstate and foreign commerce to engage in a course of conduct that placed that person in reasonable fear of the death of and serious bodily injury to that person and caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to that person."[3]

The discovery provided thus far contains approximately 23,000 pages of documents, numerous hours of video interviews, and other media files, largely containing photographs of cell phone messages and failed extraction attempts. Of this discovery, the vast majority is comprised of investigations completed by Anchorage Police Department and the Alaska State Troopers. Involvement by the Federal Government includes an FBI investigation initiated after May 29, 2020, video recorded interviews of the alleged victim and other witnesses, and pictures of text messages from the alleged victim's phone, translated into Spanish. Although the discovery demonstrates that there is a single, distinct incident which occurred in May 2020 involving Y.S. and her supervisor, and resulting in Rolando's arrest shortly thereafter, it is unclear from the discovery provided which communications, and how many prior to May 2020 the Government believes constitutes "cyberstalking." When Y.S. is interviewed, she makes vague assertions about prior threats allegedly made by Rolando, but unlike the May 2020 incident, it is unclear from both the

---

[3] *Id.*

indictment and the discovery provided which communications are believed to be criminal. Additionally, Rolando is simultaneously facing State charges for the same time period as is alleged in the indictment.[4] As currently alleged, it is impossible for Rolando or his counsel to ascertain what specific acts the Government believes were committed in violation of federal law and are intended to be included in this indictment.

## II. LAW AND ARGUMENT

### a. Legal Standard

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."[5] Should the indictment be unclear, the defendant may move for a bill of particulars "before or within 14 days after arraignment or at a later time if the court permits."[6] There are three purposes behind a bill of particulars. First, it explains to the defendant the nature of the charge against him with sufficient exactness to allow him to prepare for trial.[7] Second, a bill of particulars minimizes the chance of the defendant being surprised at trial.[8] Third, when the indictment itself is too vague or indefinite, a bill of particulars allows the defendant to plead his acquittal or conviction in bar of prosecution for the same offense.[9]

In deciding whether to grant a bill of particulars, the Court should consider the

---

[4] *See* 3AN-20-04213CR, *State of Alaska v. Rolando Hernandez-Zamora*.
[5] Fed. R. Crim. Pro. 7(c).
[6] Fed. R. Crim. Pro. 7(f).
[7] *Wong Tai v. United States*, 273 U.S. 77, 82 (1927); *See also United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979), *United States v. Glaze*, 313 F.2d 757, 759 (2d Cir. 1963).
[8] *Id*.
[9] *Id*.

MOTION FOR BILL OF PARTICULARS     *United States v. Hernandez-Zamora*
Page 3 of 6     Case No.: 3:21-cr-00062-JMK-MMS
Case 3:21-cr-00062-MAH     Document 203     Filed 05/06/24     Page 5 of 8

totality of the information available to the defendant to determine whether the filing of a bill of particulars is warranted in light of the charges the defendant must file.[10] This information includes the indictment, affirmations, and any pretrial discovery.[11]

> **b. The information provided to Rolando is insufficient to provide him with adequate notice to defend the charge of cyberstalking as the indictment ranges over five years with vague allegations.**

In prosecuting a defendant for cyberstalking, the prosecution must prove that (1) the defendant, with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person, uses the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that; (2) places that person in reasonable fear of the death or serious bodily injury to a person, a pet, a service animal, an emotional support animal, or a horse of that person or; (3) causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to the person." [12]

In similarly charged cases, challenges have been brought against this statute as being overly broad, but such challenges have been denied. However, the indictments in those cases contain specific facts as to the violation and contain significantly more facts

---

[10] *See United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984), *See United States v. Bortnovsky*, 820 F.2d 472 (2d Cir. 1987) (finding that trial court abused its discretion by refusing defendant's motion for bill of particulars as the indictment did not specify the dates of allegedly stated burglaries or enumerate which of numerous documents were falsified).
[11] *Id.*
[12] 18 U.S.C. § 2261A(2).

than the instant case. For instance, in *United States v. Ackell*, the grand jury returned an indictment specifying that the defendant had committed cyberstalking through "the sending of text messages, digital images, and other electronic communications."[13] Even then, the district court ordered the Government to file a bill of particulars.[14]

In this case, both the initial indictment filed in this case[15] and the superseding indictment[16] entirely fail to allege how Rolando is alleged to have committed this crime. They do not even offer the level of specificity provided in *Ackell*, where the court still ordered a bill of particulars. Here, the indictment is a mere parroting of the statute, alleging misconduct over the course of four years. It is unclear what the Government believes Rolando even did. It is impossible to prepare for a defense. Further, the wide swath of time, in addition to the sweeping allegations make it highly possible that Rolando could be tried for the same crimes at a later date, due to the lack of specificity. From a review of discovery, it appears that the Government believes Rolando threatened Y.S. and her supervisor through voicemails and text messages in May 2020. However, even after a review of the discovery, it is unclear what the specifics of other communications were. In other words, it is not apparent from the discovery provided whether these communications were alleged to be done via phone call, text message, e-mail, social media applications, or some other means. This is highlighted by the fact that the discovery regarding past alleged crimes appears to not include any use of communication devices, for instance, kicking in

---

[13] *United States v. Ackell*, 907 F.3d 67 (1st Cir. 2018), *cert denied*.
[14] *Id*.
[15] Docket 1.
[16] Docket 32.

a door.  In this way, as it pertains to anything pre-dating 2020, counsel is entirely unable to determine which communications the Government believes were "cyberstalking" and which were not.

### III.    CONCLUSION

The Indictment is insufficient on its face to allege a crime, let alone demonstrate Rolando's culpability.  Moreover, the discovery provided is so sweeping, that it is impossible to know what the Government intends to demonstrate at trial and believes constitutes criminal activity.  Accordingly, a bill of particulars is warranted to allow Rolando to adequately prepare for trial and avoid double jeopardy later down the line.

**DATED** this 6th day of May 2024, at Fairbanks Alaska.

/S/ Alexis Howell
645 G Street, Suite 100, #558
Anchorage, Alaska 99501
P: 907.677.8111 / F: 907.917.2075
Alaska Bar No.: 2305038

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 6th day of March 2024, a true and accurate copy of the Foregoing Document has been caused to be served via electronic filing to the parties, including:

AUSA Jennifer Lowe Ivers

/S/ Alexis Howell
Alexis Howell