Alexis Howell
Carlson Law Group, LLC
645 G Street, Suite 100, #558
Anchorage, AK 99501
P: 907.677.8111
F: 907.917.2075
Email: alexis.h@bcarlsonlaw.com

CJA Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 3:21-cr-00062-SLG-MMS |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S MOTION FOR** |
| vs. | ) | **APPROPRIATE RELIEF:** |
| | ) | **DISMISSAL OF INDICTMENT OR** |
| ROLANDO HERNANDEZ-ZAMORA, | ) | **ORDER OF NEW TRIAL** |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMES NOW**, Defendant Rolando Hernandez-Zamora ("Rolando"), by and through his counsel of record, Alexis E. Howell of Carlson Law Group, LLC, and hereby files his motion to dismiss, with prejudice, the indictment against him for violation of his Due Process Rights and for violation of the Supervisory Powers of the judiciary. In the alternative, Rolando requests the Court order a new trial, pursuant to Fed. R. Crim. P. 33. In support of his motion, Rolando also requests this Court to order the United States to produce discovery regarding the United States Attorney's Office knowledge of the judicial misconduct, and actions taken to minimize conflicts, and government employees' role in

DEFENDANT'S MOTION FOR APPROPRIATE RELIEF:
DISMISSAL OF INDICTMENT OR ORDER
OF NEW TRIAL                                    *United States v. Hernandez-Zamora*
Page 1 of 29                                    Case No.: 3:21-cr-00062-SLG-MMS

Case 3:21-cr-00062-RRB-MMS   Document 276   Filed 07/19/24   Page 1 of 29

the judicial misconduct. Moreover, Rolando is requesting that an evidentiary hearing be held to determine what evidence is necessary to determine the extent of various conflicts in this case. At this point in time, Rolando has been incarcerated close to the statutory maximum sentence.

Dismissal is warranted due to (1) significant judicial misconduct which rises to the level of a miscarriage of justice; (2) prosecutorial misconduct by a senior AUSA and the Office of the U.S. Attorney (OUSA) generally; and (3) an insufficiency of evidence and *Brady* violations which also represent a miscarriage of justice.

## I.    INTRODUCTION

Rolando raises three issues for the Court's consideration in his motion to dismiss. If the Court grants either one of the issues, then Rolando must receive a new trial.

**A.    Significant Judicial Misconduct**. Rolando is charged with Cyberstalking in violation of a Protective Order, in violation of 18 U.S.C. §§ 2261A(2)(A) and (B), 2261(b)(6). The United States alleged that Rolando used his cell phone to send thousands of messages to his girlfriend between May 2016 and May 2020 as well as used a cell phone application to track her location and left threatening voicemails at her place of work. In support of its case, however, the United States entered only thirty (30) days of text messages, a one-page call log, and a few voicemail recordings into evidence. The contents

DEFENDANT'S MOTION FOR APPROPRIATE RELIEF:
DISMISSAL OF INDICTMENT OR ORDER
OF NEW TRIAL                                    *United States v. Hernandez-Zamora*
Page 2 of 29                                    Case No.: 3:21-cr-00062-SLG-MMS

Case 3:21-cr-00062-RRB-MMS   Document 276   Filed 07/19/24   Page 2 of 29

of the text messages range from generalized negative comments, attempts at fixing his relationship; only a handful of which could be perceived as "stalking."[1]

The Judge Kindred was assigned to Rolando's case in June 2021. As of March 2022, the Judge Kindred was apparently under investigation for sexual harassment, judicial misconduct, and other issues. Ultimately, the Judicial Council published an order finding that the Judge Kindred created a hostile work environment among other serious infractions. As part of its findings, the Judicial Counsel reviewed over 700 pages of text messages between the Judge Kindred and his law clerk. Some of Judge Kindred's behavior meets the legal definition of cyberstalking. The Court has the authority to order a new trial if the interest of justice so requires. Justice requires the Court to order a new trial given that the subject matter of Rolando's case is nearly identical to Judge Kindred's judicial misconduct. Furthermore, it calls into question the integrity of the process, knowing that the Judge Kindred resigned the day after denying Rolando's motion for acquittal.

**B. Prosecutorial Misconduct.** Implicated in the investigation against Judge Kindred was a "more senior" AUSA who not only continued to practice in the District of Alaska, but who also sat through the majority of Rolando's trial and served as a "Senior Litigation Counsel" within the office, assisting the assigned AUSAs with Rolando's trial. Further, the senior management of the United States Attorney's Office and this AUSA were aware of a serious conflict of interest which started sometime before November 2022 and

---

[1] *See* Government Trial Exhibits 1.1-16.

DEFENDANT'S MOTION FOR APPROPRIATE RELIEF:
DISMISSAL OF INDICTMENT OR ORDER
OF NEW TRIAL
Page 3 of 29

*United States v. Hernandez-Zamora*
Case No.: 3:21-cr-00062-SLG-MMS

Case 3:21-cr-00062-RRB-MMS   Document 276   Filed 07/19/24   Page 3 of 29

continued throughout the pendency of the Ninth Circuit investigation. Despite this, the OUSA promoted her, allowed her to mentor new attorneys, and allowed her to directly participate in this trial. The mere presence of this AUSA in the courtroom necessarily influenced the outcome of this case, warranting a new trial.

**C. Insufficiency of the Evidence and the United States's *Brady* Violation**. The charge against Rolando is alleged to have occurred between May 2016 and May 2020. However, at trial, the Government produced only thirty (30) days of text messages between Rolando and Y.S. beginning in April 2020 and ending in May 2020. Additionally, these text messages were captured via photographs of Y.S.'s phone rather than a digital extraction of her phone. Despite objecting on "Best Evidence" grounds, the Court allowed for introduction of all of these text messages. Testimony at trial also demonstrated that the only reason messages prior to April 2020 were not captured was because a single FBI agent determined they had "collected enough evidence." Rolando is further charged with committing Cyberstalking in violation of a Protective Order. Again, this charge runs from 2016 all the way through 2020. However, the protective order in question did not exist until April 2020.[2] The Court denied Rolando's Motion for Acquittal based on these facts,[3] but **this** Court is still empowered to grant a Motion for New Trial if the Court determines that notwithstanding the government-friendly standard for a Motion of Acquittal, Rolando's conviction demonstrates a "miscarriage of justice" due to insufficiency of evidence. Justice

---

[2] Government Trial Exhibit 42.
[3] *See* Motion at Docket 257; Ruling at Docket 266.

DEFENDANT'S MOTION FOR APPROPRIATE RELIEF:
DISMISSAL OF INDICTMENT OR ORDER
OF NEW TRIAL                                    *United States v. Hernandez-Zamora*
Page 4 of 29                                    Case No.: 3:21-cr-00062-SLG-MMS

Case 3:21-cr-00062-RRB-MMS   Document 276   Filed 07/19/24   Page 4 of 29

requires granting a new trial in light of this partial evidence. Further, law enforcement's decision not to collect this evidence and failure to later attempt to collect this evidence constitutes a *Brady* violation warranting a new trial.

## II. FACTS

### *Judicial Misconduct.*

On May 19, 2021, Rolando was indicted on one count of Cyberstalking.[4] His case was assigned to Judge Joshua Kindred on June 1, 2021, and remained assigned to him until July 8, 2024.[5] During this time, Rolando had seven (7) different attorneys, underwent a competency evaluation and competency restoration, filed several pro se motions, and had several motions filed by counsel.[6] On June 24, 2024, Rolando's case proceeded to trial by jury. On June 27, 2024 at the close of Government's case, Defense made a motion for acquittal. The Court deferred ruling on this motion until the close of all evidence.[7] On June 28, 2024, Rolando was convicted after a trial by jury of Cyberstalking in violation of a Protective Order, in violation of 18 U.S.C. §§ 2261A(2)(A) and (B), 2261(b)(6). On July 1, 2024, the Court heard argument on Rolando's Motion for Acquittal. This motion was ultimately denied by Judge Kindred.[8]

---

[4] Docket 2.
[5] See Docket 8.
[6] *See* Dockets 22, 29, 82, 88, 90, 91, 93, 116, 118, 120, 123, 138, 162, 163, 170-176, 187, 190, 203, 206, 217, 221, 222, 223-226 and 231.
[7] *See* Minute Entry at Docket 256; Motion for Acquittal at Docket 257.
[8] Docket 266.

DEFENDANT'S MOTION FOR APPROPRIATE RELIEF:
DISMISSAL OF INDICTMENT OR ORDER
OF NEW TRIAL                                              *United States v. Hernandez-Zamora*
Page 5 of 29                                              Case No.: 3:21-cr-00062-SLG-MMS

Case 3:21-cr-00062-RRB-MMS   Document 276   Filed 07/19/24   Page 5 of 29

Shortly thereafter, on July 3, 2024, Judge Kindred submitted his resignation.[9] On July 5, 2024, the 9th Circuit issued its order regarding the investigation into Judge Kindred's misconduct.[10] The contents of this order describe misconduct on behalf of Judge Kindred including: "creat[ing] a hostile work environment for his law clerks by engaging in unwanted, offensive, and abusive conduct," "having an inappropriately sexualized relationship with one of his law clerks during her clerkship and shortly after her clerkship while she practiced as an Assistant United States Attorney in the District of Alaska," and lying "to the Chief Judge, the Special Committee, and the Council."[11] This conduct was known to Chief Judge Mary Murguia as of November 2022. Additionally, the Special Committee report and recommendations were sent to Judge Kindred on March 1, 2024, and to the Council on March 4, 2024.[12]

Specifically, this report points to "text messages exchanged between Judge Kindred and his law clerks" and that these "communications included more than 700 pages of text messages."[13] These texts included messages of a sexual, indiscriminate nature to include comments such as "I told a republican [state] senator to eat a dick," and "[a senator] is worried that I can kick [] his ass," and ratings of individuals based on "fuckability."[14] He later made threats about "punching multiple Supreme Court justices," and said he would

---

[9] Exhibit A, Press Release Regarding Resignation.
[10] Exhibit B, Ninth Circuit Order.
[11] Exhibit B at Page 1.
[12] *Id*. at Page 9.
[13] *Id*. at Page 4.
[14] *Id.*

DEFENDANT'S MOTION FOR APPROPRIATE RELIEF:
DISMISSAL OF INDICTMENT OR ORDER
OF NEW TRIAL                                                     *United States v. Hernandez-Zamora*
Page 6 of 29                                                     Case No.: 3:21-cr-00062-SLG-MMS

Case 3:21-cr-00062-RRB-MMS   Document 276   Filed 07/19/24   Page 6 of 29

bring "Patron, heroin, and whip-its" to a chambers dinner party."[15] When law clerks came to Judge Kindred to attempt to discuss his behavior "they were belittled or ostracized, and, in one instance, a clerk left the clerkship."[16] The texts from Judge Kindred to his law clerks included, "You're going to the big leagues. You might be better in the butt leagues"; "I've never been invited to an orgy by a stranger"; and "So it looks like I might need a judicial tinder profile."[17]

The investigation found that "[d]uring an eleven-month period, Judge Kindred and a law clerk exchanged 278 pages of text messages, only a small fraction of which had any relationship to her legitimate job duties" and included messages such as, "I've missed you this week which makes me worry about the emotion[al] wreck I'm going to be when you leave."[18] After this same clerk became an AUSA, Judge Kindred invited her out to drinks. The night ended with Judge Kindred "kiss[ing] her and grabb[ing] her buttocks" in his judicial chambers.[19] He later was alone with this same clerk on October 7, 2022 and "kept asking" her "to sit with him on the couch. She kept saying no but she thought, "Are you hitting on me openly in front of the clerks now?""[20] Late that same night, Judge Kindred enticed the same clerk back to his apartment and performed oral sex on her.[21]

---

[15] *Id.*, footnote 13.
[16] *Id.*
[17] *Id.* at 5.
[18] *Id.*
[19] *Id.* at 6.
[20] *Id.* at 6.
[21] *Id.*

DEFENDANT'S MOTION FOR APPROPRIATE RELIEF:
DISMISSAL OF INDICTMENT OR ORDER
OF NEW TRIAL
Page 7 of 29

*United States v. Hernandez-Zamora*
Case No.: 3:21-cr-00062-SLG-MMS

Case 3:21-cr-00062-RRB-MMS   Document 276   Filed 07/19/24   Page 7 of 29

In conclusion, the Committee found that Judge Kindred "was inappropriately inserting himself into the personal lives of his clerks, engaged in a sexualized relationship with one of his law clerks, and having sexually suggestive and explicit conversations with his law clerks."[22] Of particular concern is the Committee's finding that "he undertook all these actions without any regard for the impact of and ethical issues raised by his conduct. He remains strikingly unaware that he was the source of all of these issues."[23]

Judge Kindred also "received nude photographs from another, more senior AUSA who practiced before him," and then Judge Kindred discussed those photographs with his law clerk.[24] Further, the report noted a "flirtatious rapport" between Judge Kindred and this AUSA.[25] This "more senior" AUSA sat through the majority of Rolando's trial, assisted the assigned AUSAs with the trial, and was identified as the "Senior Litigation Counsel" for the Alaska U.S. Attorney's Office.

The investigation also found Judge Kindred received sexually suggestive text messages from a local attorney who regularly appeared before him, which he also discussed with his law clerks. He undertook all these actions without any regard for the impact of and the ethical issues raised by his conduct."[26] Further, the Committee found that Judge Kindred created a hostile work environment including "unwanted, offensive, and abusive

---

[22] *Id*. at 16.

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.*

DEFENDANT'S MOTION FOR APPROPRIATE RELIEF:
DISMISSAL OF INDICTMENT OR ORDER
OF NEW TRIAL                                          *United States v. Hernandez-Zamora*
Page 8 of 29                                          Case No.: 3:21-cr-00062-SLG-MMS

Case 3:21-cr-00062-RRB-MMS   Document 276   Filed 07/19/24   Page 8 of 29

sexual conduct, including sexual harassment," and treatment of "judicial employees. . . in a demonstrably egregious and hostile manner."[27] The Committee also found that although some law clerks reciprocated this style of communication, that "because of the inherent power imbalance in chambers, this was driven in some part by the law clerks wanting to preserve good relations with the judge."[28] "[A]t least three law clerks suffer[ed] in silence at various points in time since Judge Kindred took the bench four years ago."[29] Hundreds of text messages constituted the most damning evidence the Committee considered in coming to its findings and recommendations.[30]

### *Prosecutorial Misconduct.*

As mentioned above, Judge Kindred "received nude photographs from another, more senior AUSA who practiced before him," and held a "flirtatious rapport" with her.[31] This "more senior" AUSA sat through the majority of Rolando's trial, assisted the assigned AUSAs with the trial, and was identified as the "Senior Litigation Counsel" for the Alaska U.S. Attorney's Office. Specifically, she introduced herself to undersigned defense counsel on the second day of trial, was present in the courtroom throughout the entire trial, and was observed speaking to the two assigned AUSAs at length and in seeming detail. At this point, it is unknown how much direct involvement she had in preparing this case, but it is clear

---

[27] *Id*. at 17.
[28] *Id*. at 18.
[29] *Id*. at 18-19.
[30] *See* Exhibit B.
[31] *Id*.

DEFENDANT'S MOTION FOR APPROPRIATE RELIEF:
DISMISSAL OF INDICTMENT OR ORDER
OF NEW TRIAL                                          *United States v. Hernandez-Zamora*
Page 9 of 29                                          Case No.: 3:21-cr-00062-SLG-MMS

Case 3:21-cr-00062-RRB-MMS   Document 276   Filed 07/19/24   Page 9 of 29

by her position alone that she was at least aware of the case and then chose to be present throughout its entirety.

The USAO, including senior management and this AUSA were aware that this constituted a serious conflict of interest, beginning sometime before November 2022, and continued throughout the pendency of the Ninth Circuit investigation. Despite this, the USAO failed to disclose this conflict and instead promoted this AUSA to "Senior Litigation Counsel," allowing her to mentor new attorneys and appear in court in front of Judge Kindred, even though she was not an "attorney of record."[32] Beginning in November 2022, Judge Kindred recused himself from any cases where this AUSA was the attorney of record (as well as cases involving two other AUSAs who shared this conflict of interest). Despite this, this AUSA continued to appear in court, to assist others in the office, and altogether increased the spread of the conflict of interest. This AUSA had no business entering the courtroom during Rolando's trial either directly or indirectly, as by virtue of her mere presence, she influenced the outcome in this case.

### Insufficiency of Evidence.

Rolando is charged with four years of misconduct ranging from May 2016 through May 2020. Additionally, the entirety of his misconduct is charged in violation of a protective order. Despite this, at trial, the Government produced only pictures of text messages (not a full extraction) ranging from April 27, 2020 through May 25, 2020.

---

[32] This conflict was not disclosed in any manner to defense counsel by the USAO.

DEFENDANT'S MOTION FOR APPROPRIATE RELIEF:
DISMISSAL OF INDICTMENT OR ORDER
OF NEW TRIAL                                          *United States v. Hernandez-Zamora*
Page 10 of 29                                         Case No.: 3:21-cr-00062-SLG-MMS

Case 3:21-cr-00062-RRB-MMS   Document 276   Filed 07/19/24   Page 10 of 29

Not only was this evidence not introduced into evidence, the evidence was never collected. As testified to by Special Agent (SA) Krista Lang on June 27, 2024, Y.S. came into the FBI office to be interviewed on May 25, 2020.[33] At that point in time, she brought in her cell phone.[34] Initially, Y.S. was asked if law enforcement could take a full extraction of her phone.[35] However, when she expressed that this made her uncomfortable, law enforcement offered that they could instead take pictures of just text messages.[36] Y.S. then consented and SA Lang took photos of *some* of these messages. Specifically, she determined once she got to April 27, 2020, she had collected enough messages.[37] When asked on cross-examination how she decided to stop collecting messages she answered, "We often carry heavy caseloads."[38] SA Lang had Y.S.'s phone in her hand, yet declined to collect additional text messages, collected zero evidence of application data, location data, or metadata. She declined to review the phone evidence of the tracking device and application she had described, to search for any malware, or to otherwise corroborate Y.S.'s statements or to ensure there was not exculpatory evidence on her phone.

---

[33] References to trial are included by date of trial and witness testifying. Transcripts have been ordered but have not yet been received. Due to the length of time Rolando has been incarcerated, counsel finds it imperative to file this motion notwithstanding the pending trial transcript.
[34] Testimony of SA Krista Lang, June 27, 2024.
[35] *Id.*
[36] *Id.*
[37] *Id.*
[38] *Id.*

DEFENDANT'S MOTION FOR APPROPRIATE RELIEF:
DISMISSAL OF INDICTMENT OR ORDER
OF NEW TRIAL
Page 11 of 29

*United States v. Hernandez-Zamora*
Case No.: 3:21-cr-00062-SLG-MMS

Case 3:21-cr-00062-RRB-MMS   Document 276   Filed 07/19/24   Page 11 of 29

Additionally, Rolando's cell phone was collected and a search warrant for it was granted.[39] Despite this, due to the type of phone that it was, the FBI has been unable to extract this cell phone.[40] Rolando filed a motion related to this cell phone prior to trial.[41] This motion was denied and the phone was not released to his possession nor to that of his counsel.[42] This left Rolando in a position of having to accept an inability to collect exculpatory evidence – the FBI refused to collect a full extraction of Y.S.'s phone, they were unable to extract Rolando's phone, and they refused to return the phone to Rolando for his own personal review.

At trial, as a result of this evidentiary issue, counsel objected to the admission of the photographs of Y.S.'s phone on grounds of "Best Evidence" (Fed. R. Evid. 1002) and based on fairness related to the "Rule of Completeness" (Fed. R. Evid. 106).[43] Counsel explained that the "best evidence" was the actual cell phone itself which the FBI simply chose not to take a full extraction of nor to even attempt to collect evidence off the phone predating April 27, 2020, despite indicting Rolando with cyberstalking going back to 2016.[44] Further, under the Rule of Completeness, counsel further explained that it is impossible to know the

---

[39] Testimony of SA Daryl Allison, June 26, 2024.

[40] *Id*. Specifically, at trial, SA Allison testified that it would take at least an additional 187 days for the FBI to extract his phone. This placed Rolando in a position where he had to choose between a speedy trial and a just trial.

[41] Docket 175. (Motion asking the Court to dismiss the case for *Brady* violations, or in the alternative, to turn over his cell phone for independent review).

[42] *Id.*

[43] Objection made on June 25, 2024 during Y.S.'s testimony.

[44] Testimony of SA Krista Lang, June 27, 2024.

DEFENDANT'S MOTION FOR APPROPRIATE RELIEF:
DISMISSAL OF INDICTMENT OR ORDER
OF NEW TRIAL                                                          *United States v. Hernandez-Zamora*
Page 12 of 29                                                        Case No.: 3:21-cr-00062-SLG-MMS

Case 3:21-cr-00062-RRB-MMS   Document 276   Filed 07/19/24   Page 12 of 29

full context of any conversation as there simply was no digital evidence collected which predated April 27, 2020.[45] This objection was overruled.[46] Subsequently, Government Exhibits 1.1 through 15 were admitted.[47]

## III.    LAW AND ARGUMENT

The Due Process Clause prohibits the government from depriving a person of "life, liberty, or property without the due process of law."[48] These clauses guarantee both procedural due process (including fair proceedings) and substantive due process (protecting fundamental rights). Violations of Due Process Rights include judicial misconduct, prosecutorial misconduct, and other procedural or substantive issues with a trial which call into question whether a defendant had the benefit of an unbiased tribunal.

"A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness. To this end, no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome. That interest cannot be defined with precision. Circumstances and relationships must be considered."[49] "Such a stringent rule may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally

---

[45] Trial, June 23, 2024.
[46] *Id.*
[47] *Id.*
[48] United States Constitution, Fifth and Fourteenth Amendment.
[49] *Turney v. State of Ohio*, 273 U.S. 510, 532 (1997).

DEFENDANT'S MOTION FOR APPROPRIATE RELIEF:
DISMISSAL OF INDICTMENT OR ORDER
OF NEW TRIAL                                    *United States v. Hernandez-Zamora*
Page 13 of 29                                    Case No.: 3:21-cr-00062-SLG-MMS
Case 3:21-cr-00062-RRB-MMS   Document 276   Filed 07/19/24   Page 13 of 29

between contending parties. But to perform its high function in the best way 'justice must satisfy the appearance of justice.'"[50] Should the fairness of a tribunal be called into question, dismissal with prejudice is an appropriate remedy.

Prosecutorial misconduct also constitutes a violation of Due Process. An indictment may be dismissed with prejudice for prosecutorial misconduct under two theories: "[First, a] district court may dismiss an indictment on the ground of outrageous government conduct if the conduct amounts to a due process violation. [Second, i]f the conduct does not rise to the level of a due process violation, the court may nonetheless dismiss under its supervisory powers.[51] "A district court may exercise its supervisory power 'to implement a remedy for the violation of a recognized statutory or constitutional right; to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; and to deter future illegal conduct.'"[52] However, because "[d]ismissing an indictment with prejudice encroaches on the prosecutor's charging authority," this sanction may be permitted only "in cases of flagrant prosecutorial misconduct."[53]

Another remedy available to a district court when a defendant's rights have been violated is the ordering of a new trial. "A district court may order a new trial on the defendant's motion 'if the interest of justice so requires.'"[54] This standard differs from that

---

[50] *Offutt v. United States,* 349 U.S. 11, 14 (1954), In re Murchison, 349 U.S. 133, 136 (1955).
[51] *United States v. Chapman*, 524 F.3d 1073, 1084 (9th Cir. 2008).
[52] *Id*. at 1085, citing *United States v. Simpson*, 927 F.2d 1088, 1090 (9th Cir. 1991).
[53] *Simpson*, 927 F. 2d at 1091.
[54] *United States v. Rafiekian,* 68 F.4th 177 (4th Cir. 2023) (citing Fed. R. Crim. P. 33(a)).

DEFENDANT'S MOTION FOR APPROPRIATE RELIEF:
DISMISSAL OF INDICTMENT OR ORDER
OF NEW TRIAL                                                          *United States v. Hernandez-Zamora*
Page 14 of 29                                                        Case No.: 3:21-cr-00062-SLG-MMS
Case 3:21-cr-00062-RRB-MMS   Document 276   Filed 07/19/24   Page 14 of 29

governing a judgment of acquittal, as a judgment of acquittal is appropriate only when the evidence is so deficient that acquittal is "the only proper verdict."[55] Further, in determining whether to grant a motion for acquittal, the court views "the evidence and inferences therefrom" in the light most favorable to the government.[56]

A new trial, on the other hand, may be granted where the government has presented sufficient evidence for a reasonable jury to convict but the court nevertheless reaches the conclusion that a miscarriage of justice may have resulted, leading the court to set aside the verdict and grant a new trial.[57] "A district court's power to grant a motion for new trial is much broader than its power to grant a motion for judgment of acquittal."[58] In reviewing a motion for new trial, the Court is not "obliged to view the evidence in the light most favorable to the verdict, and is free to weigh the evidence and evaluate for itself the credibility of witnesses."[59] The authority to grant a new trial is "directed to the discretion of the district judge."[60] Evidence which would merely impeach a witness is insufficient to support a motion for new trial.[61] "If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside

---

[55] *Tibbs v. Florida*, 457 U.S. 31, 42 (1982).
[56] *Burks v. United States,* 437 U.S. 1 (1978).
[57] *See United States v. Crittenden*,46 F.4th 292 (5th Cir. 2022).
[58] *United States v. A. Lanoy Alston*, D.M.D., P.C., 974 F.2d 1206, 1211 (9th Cir. 1992).
[59] *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000) (citing *United States v. Alston*, 974 F.2d 1206, 1211 (9th Cir. 1992)).
[60] *United States v. Pimentel,* 654 F.2d 538, 545 (9th Cir. 1981).
[61] *United States v. Kulczyk*, 931 F.2d 542, 549 (9th Cir. 1991).

DEFENDANT'S MOTION FOR APPROPRIATE RELIEF:
DISMISSAL OF INDICTMENT OR ORDER
OF NEW TRIAL                                           *United States v. Hernandez-Zamora*
Page 15 of 29                                          Case No.: 3:21-cr-00062-SLG-MMS

Case 3:21-cr-00062-RRB-MMS   Document 276   Filed 07/19/24   Page 15 of 29

the verdict, grant a new trial, and submit the issues for determination by another jury."[62] New trial is also warranted if an error "could, in any reasonable likelihood, have affected the judgment of the jury."[63]

Motions for new trial have been granted in cases of undisclosed evidence, to include discovery of "government promises" to a "key witness" to dismiss the charges against him in exchange for his "favorable" testimony.[64] "In those uncommon cases where prosecutorial misconduct [is] admitted or virtually uncontroverted," courts "preserve an almost per se standard granting new trials if the suppressed evidence would have been "favorable and material" to the defense."[65]

Additionally, under Fed. R. Crim. P. 25(b)(2), a "successor judge" may grant a new trial if "satisfied that: (A) a judge other than the one who presided at the trial cannot perform the post-trial duties; or (B) a new trial is necessary for some other reason."

### A.  The Judicial Misconduct in this Case is Sufficient to Warrant a New Trial.

The misconduct of Judge Kindred occurred while Rolando's case was assigned to Judge Kindred's docket, meaning that it raises questions as to the Court's rulings on motions (substantive and otherwise), the proceedings in this case and timeline of them, the

---

[62] *United States v. Lincoln*, 630 F.2d 1313 (8th Cir. 1980).
[63] *United States v. Schwartz*, 2024 U.S. Dist. LEXIS 15614 (9th Cir. 2024) (citing *United States v. Butler*, 567 F.2d 885, 891 (9th Cir. 1978)).
[64] *United States v. Butler*, 567 F.2d 885, 886 (9th Cir. 1978) (describing that the failure to disclose this information also ran afoul of *Giglio v. United States*, 405 U.S. 150 (1972) and *Brady v. Maryland*, 373 U.S. 83, 87 (1963).
[65] *Butler*, 567 F.2d at 891.

DEFENDANT'S MOTION FOR APPROPRIATE RELIEF:
DISMISSAL OF INDICTMENT OR ORDER
OF NEW TRIAL                                                    *United States v. Hernandez-Zamora*
Page 16 of 29                                                  Case No.: 3:21-cr-00062-SLG-MMS
Case 3:21-cr-00062-RRB-MMS   Document 276   Filed 07/19/24   Page 16 of 29

assignment and granting of new counsel, the impartiality of the Court in rulings on motions *in limine* and in-court objections, and bias in the Court's ruling on Defense's Motion for Acquittal. These concerns are highlighted by (1) the similarity in judicial misconduct and the charged misconduct; (2) the presence of an implicated AUSA throughout trial in the courtroom as well as her role as advisor to the assigned government counsel; and (3) the proximity in time between Judge Kindred's receipt of the Special Committee's Report, Rolando's conviction, the denial of Rolando's Motion for a Judgment of Acquittal, and Judge Kindred's resignation. For these reasons, Rolando should be granted a new trial.

### 1. The Misconduct is Too Similar to the Charged Conduct, Causing Bias and Lack of Impartiality

Rolando was tried for Cyberstalking. Specifically, Cyberstalking requires the Government to prove that: (1) the defendant knowingly used any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce, (2) that the defendant did so with the intent and purpose to kill, injure, harass, or intimidate another person, and (3) that through the use of the computer interactive service, electronic communication service or system or other facility of interstate or foreign commerce, the defendant engaged in a course of conduct that placed that person in reasonable fear of the death or serious bodily injury to that person, or caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to that person.[66]

---

[66] 18 U.S.C. §§ 2261A(2)(A) and (B).

DEFENDANT'S MOTION FOR APPROPRIATE RELIEF:
DISMISSAL OF INDICTMENT OR ORDER
OF NEW TRIAL                                    *United States v. Hernandez-Zamora*
Page 17 of 29                                   Case No.: 3:21-cr-00062-SLG-MMS

Case 3:21-cr-00062-RRB-MMS   Document 276   Filed 07/19/24   Page 17 of 29

Although not identical conduct, Judge Kindred's resignation was predicated on the findings of the Investigatory Committee who found, inter alia, that Judge Kindred sent hundreds of unsolicited, unwanted text messages to law clerks with sexual content. The Committee references that, "at least three law clerks suffer[ed] in silence at various points in time since Judge Kindred took the bench four years ago."[67] Judge Kindred used "any interactive computer service" with "the intent and purpose to [. . .] harass" his clerks and did so through a "course of conduct" which "caused [. . .] substantial emotional distress to that person."[68] The very conduct which Judge Kindred was actively under investigation for at the time of Rolando's trial meets the legal definitions of "cyberstalking."

The similarity between Judge Kindred's behavior and that which Rolando was charged with calls into question his impartiality on pre-trial motions practice, particularly motions pertaining to Brady and discovery issues, rulings on motions *in limine*, rulings mid-trial (to include his ruling on objections related to the Rule of Completeness and Best Evidence), and his ruling on defense's Motion of Acquittal. Pursuant to 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In this case, Judge Kindred's misconduct began in 2022. He was aware of the investigation very shortly thereafter, when the complaints were forwarded to the chief justice, and in March 2024 he received the results of the investigation.[69] He

---

[67] Exhibit B at 18-19.
[68] 18 U.S.C. §§ 2261A(2)(A) and (B).
[69] Exhibit B.

DEFENDANT'S MOTION FOR APPROPRIATE RELIEF:
DISMISSAL OF INDICTMENT OR ORDER
OF NEW TRIAL
Page 18 of 29

*United States v. Hernandez-Zamora*
Case No.: 3:21-cr-00062-SLG-MMS

Case 3:21-cr-00062-RRB-MMS   Document 276   Filed 07/19/24   Page 18 of 29

was aware of the similarity between the charged misconduct and his own, and yet he did not recuse himself. This not only raises questions as to his impartiality due to a personal conflict, but also indicates that perhaps Judge Kindred saw Rolando's case as one where he could "prove" that he took sexual harassment seriously, and even that he had to prove that Rolando's conduct was worse than his own. This clear conflict is sufficient to warrant dismissal with prejudice.

    **2. One of the AUSAs Implicated in the Investigation was Present for All of Trial, and Assisted the Assigned AUSAs, Questioning the Fairness and Impartiality of the Trial**

Upon review of the Opinion of the 9th Circuit, and in light of other information which has been released since Judge Kindred's resignation, it became evident that one of the AUSA's implicated in the investigation of Judge Kindred was the same AUSA who served in a supervisory and advisory capacity to the assigned AUSAs on this case, and who was present throughout the entirety of trial in the gallery. Specifically, the investigation found that Judge Kindred had received nude images from this AUSA, exchanged professionally inappropriate text messages with her, and maintained an unduly close personal relationship with her. This is further evidenced as Judge Kindred *did* recuse himself from cases where this AUSA was the assigned prosecutor beginning in October and November of 2022. 28 U.S.C. § 455(b)(1) indicates that a judge "shall also disqualify himself" "[w]here he has a personal bias or prejudice concerning a party."

In this case, although this AUSA was not assigned to the prosecution team, she clearly served in an advisory and even supervisory role throughout the prosecution of

DEFENDANT'S MOTION FOR APPROPRIATE RELIEF:
DISMISSAL OF INDICTMENT OR ORDER
OF NEW TRIAL                      *United States v. Hernandez-Zamora*
Page 19 of 29                Case No.: 3:21-cr-00062-SLG-MMS

Case 3:21-cr-00062-RRB-MMS    Document 276    Filed 07/19/24    Page 19 of 29

this case. Her presence observing trial, for the entire week would have been evident to anyone present for trial, including Judge Kindred. Judge Kindred would have been aware of her role within the AUSA from the inception of this case, and should have clearly been aware of her presence in the gallery throughout trial.

This behavior calls into question Judge Kindred's impartiality throughout trial, particularly as to his rulings on Defense's objection to text messages under the Rule of Completeness and Best Evidence. Further, it is impossible to discern how large this bias or impact may have been, as it is unclear whether this AUSA continued to send texts to Judge Kindred's personal cell phone or have an inappropriate relationship after the allegations contained in the Special Committee investigation. In this way, it is a miscarriage of justice to allow Rolando's trial and conviction to stand as it is impossible to tell how far this influence went in Judge Kindred's rulings pre-trial, during trial, and after trial in Defense's Motion for Acquittal. It also begs the question of whether Judge Kindred knew this AUSA had direct information regarding his inappropriate relationship and was fearful that a ruling negative to the government may have led her to disclosing additional evidence or even blackmailing him. At a minimum, this relationship further adds to the reasonable question regarding Judge Kindred's impartiality, and he should have recused himself from Rolando's case altogether. Judge Kindred's continued presiding over Rolando's case constitutes a miscarriage of justice warranting a new trial under Fed. R. Crim. P. 33.

**3. The Timing of the Investigation, its Presentation to Judge Kindred, and Judge Kindred's Resignation Led to a Miscarriage of Justice**

DEFENDANT'S MOTION FOR APPROPRIATE RELIEF:
DISMISSAL OF INDICTMENT OR ORDER
OF NEW TRIAL                                           *United States v. Hernandez-Zamora*
Page 20 of 29                                          Case No.: 3:21-cr-00062-SLG-MMS
Case 3:21-cr-00062-RRB-MMS   Document 276   Filed 07/19/24   Page 20 of 29

In March 2024, Judge Kindred was provided with a copy of the Special Committee's findings. Just a few months later, he presided over Rolando's trial. In fact, by the time undersigned counsel entered an appearance on this case, Judge Kindred was already in possession of this report. This is concerning as this report squarely condemned him and indicated he did not take sexual harassment "seriously." Shortly thereafter, Judge Kindred had an opportunity to try to "prove the Committee" wrong throughout Rolando's trial, where the indictment looked fairly similar to the allegations against Judge Kindred.

Judge Kindred's resignation came approximately forty-eight (48) hours after his denial of Defense's Motion for Acquittal. This timing raises questions as to Judge Kindred's focus and attention to detail in coming to a decision on the Motion for Acquittal, and again, underlies the bias apparent in this case. In addition to Fed. R. Crim. P. 33's authority to grant a new trial when there is a "miscarriage of justice," Fed. R. Crim. P. 25(b)(2) empowers a "successor judge" to grant a new trial if "satisfied that: (A) a judge other than the one who presided at the trial cannot perform the post-trial duties; or (B) a new trial is necessary for some other reason."

In this case, Rolando was indicted in early 2021 but did not see trial until June 2024. Rolando submitted a number of written motions related to discovery issues, issues with defense attorneys, and government overreach. Similar objections were made on the record. At trial, Defense presented serious issues related to the investigation in this case including missing evidence, failure to collect certain evidence, and serious evidentiary issues. Even the Motion for Acquittal revolved around the dearth of evidence from 2016

DEFENDANT'S MOTION FOR APPROPRIATE RELIEF:
DISMISSAL OF INDICTMENT OR ORDER
OF NEW TRIAL                                          *United States v. Hernandez-Zamora*
Page 21 of 29                                         Case No.: 3:21-cr-00062-SLG-MMS

Case 3:21-cr-00062-RRB-MMS   Document 276   Filed 07/19/24   Page 21 of 29

through April 2020 and the insufficiency of evidence in light of the government's decision making in the indictment.

Taken together, the three-and-a-half (3 ½) year legacy of this case makes it difficult, if not impossible, for a successor judge to take over post-trial and make determinations on things such as whether evidence was appropriately admitted at trial, the influence of discretionary decisions made by Judge Kindred and even to perform sentencing. A mere review of the trial transcript will be insufficient to allow a new judge to fully assume the role and duties required of them post-trial. This is further compounded by the bias and lack of impartiality on behalf of Judge Kindred from the inception of this case until his resignation. For these reasons, Rolando should be granted a new trial as this timing of resignation both represents a miscarriage of justice under Fed. R. Crim. P. 33 and warrants a new trial under Fed. R. Crim. P. 25(b)(2) as a judge other than the one who presided over trial cannot fully and impartially perform post-trial duties.

## B. The Actions of the Senior AUSA and the USAO as a Whole Constitute Prosecutorial Misconduct Warranting the Ordering of a New Trial

The USAO was aware of this conflict as of November 2022. Not only were they aware, but they took steps to reassign this Senior AUSA away from cases involving Judge Kindred. Despite this, the USAO did not notify the defense bar, undersigned counsel, or any of Rolando's prior counsel of the *existence* the conflict. Further, there was no notification regarding the nature of the conflict. Notwithstanding this lack of notification,

DEFENDANT'S MOTION FOR APPROPRIATE RELIEF:
DISMISSAL OF INDICTMENT OR ORDER
OF NEW TRIAL                                          *United States v. Hernandez-Zamora*
Page 22 of 29                                        Case No.: 3:21-cr-00062-SLG-MMS
Case 3:21-cr-00062-RRB-MMS   Document 276   Filed 07/19/24   Page 22 of 29

the involved Senior AUSA was well aware of the conflict and its nature and should have removed herself from any involvement in Rolando's case.

Instead, due to this lack of disclosure, it is impossible to know how much involvement she had in the investigation, preparation, or presentation of this case and what the exact nature of her relationship with Judge Kindred was. In this way, this failure to disclose the conflict taints the entire proceedings. This was compounded by her presence in trial and clear, active consultation with the assigned AUSAs. The information presented in the Ninth Circuit order is sufficient to demonstrate this conflict and is sufficient to warrant dismissal with prejudice.

Should the Court find it is not, it should order a discovery and evidentiary hearing to inquire as to what evidence counsel believes exist, what evidence would allow counsel to properly identify how far the conflict ran, and whether it had a direct impact on these proceedings. This evidence should be ordered from the OSUA and from the Ninth Circuit Special Committee and released to defense counsel under seal for full examination to determine the nature of the conflict. Further, counsel should be able to call former Judge Kindred, this senior AUSA, and other members of the OUSA at an evidentiary hearing to determine the breadth of this conflict.

### C. The Issues Raised at Trial Regarding Sufficiency of the Evidence Warrants a New Trial as it Represents a Miscarriage of Justice

DEFENDANT'S MOTION FOR APPROPRIATE RELIEF:
DISMISSAL OF INDICTMENT OR ORDER
OF NEW TRIAL                                                    *United States v. Hernandez-Zamora*
Page 23 of 29                                                   Case No.: 3:21-cr-00062-SLG-MMS
Case 3:21-cr-00062-RRB-MMS   Document 276   Filed 07/19/24   Page 23 of 29

A new trial may be granted for a number of reasons, including prejudice to the defendant or a miscarriage of justice evident in the proceedings.[70] A "miscarriage of justice" requires less of a demanding standard than a motion for acquittal, and allows a trial judge to order a new trial when the sufficiency of the evidence presented at trial is in question, when evidence is discovered after trial, or when a procedural error constitutes a "miscarriage of justice" in the judge's opinion. In this case, Rolando should be granted a new trial due to (1) an insufficiency of evidence presented at trial for a four year indictment, (2) an incorrect ruling regarding Rule of Completeness and Best Evidence which allowed pages of text messages to come in to evidence which should not have been admitted, and (3) procedural irregularities in the investigation against Rolando which raise serious concerns regarding potential *Brady* violations and other evidentiary issues.

> ### 1. Despite Being Charged with Misconduct Involving a Cell Phone Over a Range of Four Years, the Government Only Provided Evidence of 30 Days of Text Messages.

As has been articulated above, was articulated in a pre-trial motion, was articulated at trial, and which was the basis for a motion for acquittal, the Government chose in this case to collect only 30 days of digital evidence yet charged Rolando with over four years of misconduct. Although Defense's Motion for Acquittal was denied on these grounds, Judge Kindred's ruling is now at question due to impropriety of both himself and the USAO. This discretionary ruling demonstrates the full spectrum of Judge Kindred's bias

---

[70] Fed. R. Crim. P. 33.

DEFENDANT'S MOTION FOR APPROPRIATE RELIEF:
DISMISSAL OF INDICTMENT OR ORDER
OF NEW TRIAL                                    *United States v. Hernandez-Zamora*
Page 24 of 29                                   Case No.: 3:21-cr-00062-SLG-MMS

Case 3:21-cr-00062-RRB-MMS   Document 276   Filed 07/19/24   Page 24 of 29

and the violation of Rolando's Due Process Rights. Judge Kindred made several comments on the record related to "Brady concerns" in the Government's selective choosing of digital evidence,[71] yet denied a request for a special instruction regarding this evidence,[72] refused to grant Rolando's motion for dismissal under *Brady* (or to provide any other relief),[73] and ultimately denied Rolando's Motion for Acquittal despite the inadequacy of the digital evidence in a case involving cyberstalking.[74]

In addition to Due Process concerns that flow from this impropriety, this Court should grant Rolando a new trial on insufficiency of the evidence. Specifically, Fed. R. Crim. P. 33 allows for the trial court to grant a new trial when the government has arguably presented sufficient evidence for a reasonable jury to convict but the court nevertheless reaches the conclusion that a miscarriage of justice may have resulted, leading the court to set aside the verdict and grant a new trial.[75].

Rolando's case meets this standard and he should, therefore, at a minimum be granted a new trial.

> ### 2. The Judge Should Have Sustained an Objection on Best Evidence Grounds to the Admission of Exhibits 1.1 through 15, Pictures of AV's Cell Phone.

---

[71] Trial, June 27, 2024. Some comments reiterated on July 1, 2024, during Motion for Acquittal.

[72] *Id*.

[73] Docket 175.

[74] Docket 266.

[75] *See United States v. Crittenden*,46 F.4th 292 (5th Cir. 2022).

DEFENDANT'S MOTION FOR APPROPRIATE RELIEF:
DISMISSAL OF INDICTMENT OR ORDER
OF NEW TRIAL                                          *United States v. Hernandez-Zamora*
Page 25 of 29                                          Case No.: 3:21-cr-00062-SLG-MMS

Case 3:21-cr-00062-RRB-MMS   Document 276   Filed 07/19/24   Page 25 of 29

During trial, counsel objected to the admission of exhibits 1.1 through 15 on the basis of a violation of the "best evidence" rule and rule of completeness. This objection should have been sustained and the exhibits excluded from trial.

This substantive decision is yet another example of a decision Judge Kindred made that may have been influenced by his inappropriate relationship with the senior AUSA on the case. By the time the objection was made, she had been in the courtroom for at least one full day and had talked to the assigned AUSAs during multiple breaks in testimony. Judge Kindred was aware, or at least should have been aware, that she was present in the courtroom, had consulted on this case, and either disclosed his conflict with her or asked her to remove herself from the courtroom. Instead, he moved forward with trial. Again, Rolando's case must be dismissed with prejudice.

This ruling also allowed for evidence to come in at trial that should have been excluded. Without this evidence, the government could not have met its burden of proof beyond a reasonable doubt that Rolando had cyberstalked Y.S. from 2016 to 2020. The government would have been left only with Y.S.'s testimony and a few voicemails. This would have been insufficient to meet the government's burden. This is sufficient at least to warrant the granting of a new trial.

### 3. The Insufficiency of Evidence Also Raises *Brady* Issues Constituting a Miscarriage of Justice.

As articulated above, the evidence at trial was not only insufficient to prove Rolando committed this crime over a four-year period, it also demonstrated a significant dearth of

DEFENDANT'S MOTION FOR APPROPRIATE RELIEF:
DISMISSAL OF INDICTMENT OR ORDER
OF NEW TRIAL                                                     *United States v. Hernandez-Zamora*
Page 26 of 29                                                    Case No.: 3:21-cr-00062-SLG-MMS
Case 3:21-cr-00062-RRB-MMS   Document 276   Filed 07/19/24   Page 26 of 29

digital evidence in a crime which requires a digital component, demonstrating clear concerns regarding *Brady* materials. Specifically, it is entirely unclear why the FBI agent in this case simply stopped collecting evidence when she got to April 27, 2020. Although she offered some excuses, allowing a single FBI agent to make decisions such as this without any ramifications is a violation of Rolando's Due Process Rights and of *Brady v. Maryland*.

Because of the incomplete investigation in this case, it is impossible to know how much exculpatory evidence was contained on Y.S.'s phone or on Rolando's phone, but it is clear there is at least some, as evidenced by the screenshot within Government's trial exhibit 12 wherein Y.S. states she will leave Rolando for someone "taller and more evil," despite affirming on the stand that she never threatened to leave him for another man.[76] In this case, the government decided to pick and chose what evidence it collected and willfully avoided collection of other evidence.

Judge Kindred, himself, acknowledged this concern numerous times on the record, yet refused to grant any of defense's motions for relief, for a special instruction related to this missing evidence, or to grant defense's objections related to this material. These violations on their own are sufficient to warrant dismissal with prejudice. Taken together with the judicial and prosecutorial misconduct in this case, it becomes clear the only appropriate remedy is dismissal with prejudice.

---

[76] Testimony of Y.S. on June 24, 2024; See also Government Trial Exhibit 12.

DEFENDANT'S MOTION FOR APPROPRIATE RELIEF:
DISMISSAL OF INDICTMENT OR ORDER
OF NEW TRIAL                                                *United States v. Hernandez-Zamora*
Page 27 of 29                                              Case No.: 3:21-cr-00062-SLG-MMS

Case 3:21-cr-00062-RRB-MMS   Document 276   Filed 07/19/24   Page 27 of 29

## IV. Dismissal with Prejudice is the Only Adequate Remedy.

Although counsel has argued dismissal with prejudice in the alternative with granting of a new trial, the serious Due Process and supervisory power concerns in this case mean that the granting of a new trial is insufficient to cure the defect in this case. Rolando was deprived of a fair, conflict-free trial. Unfortunately, this case is far from an aberration, but rather part of a wide pattern of cases where the government and Judge Kindred failed to timely disclose this conflict. This warrants a sanction more severe than just a new trial without Kindred on the bench, because the USAO was complicit in this misconduct, and buried the conflict for two years.

Rolando's case should be dismissed with prejudice as no other remedy adequately guarantees his constitutional rights are properly upheld.

## V. CONCLUSION

In this case, there are three grounds upon which this Court should dismiss Rolando's case with prejudice or, at a minimum, grant a new trial: (1) judicial misconduct; (2) prosecutorial misconduct; and (3) insufficiency of evidence and *Brady* violations. Rolando's Due Process rights have been irreparably harmed and his case must be dismissed with prejudice in the interest of justice. Further, should the Court be inclined to not dismiss this case, it should order a discovery and evidentiary hearing so that counsel may properly explore and understand the conflict in this case and determine the extent of impropriety. Finally, in the alternative, should the Court find that any of these grounds demonstrate a

DEFENDANT'S MOTION FOR APPROPRIATE RELIEF:
DISMISSAL OF INDICTMENT OR ORDER
OF NEW TRIAL                                                   *United States v. Hernandez-Zamora*
Page 28 of 29                                                  Case No.: 3:21-cr-00062-SLG-MMS

Case 3:21-cr-00062-RRB-MMS   Document 276   Filed 07/19/24   Page 28 of 29

miscarriage of justice, it should grant Rolando a new trial to ensure that his constitutional right to a fair and impartial jury is protected.

Respectfully submitted this 19th day of July 2024.

/S/ Alexis Howell
645 G Street, Suite 100, #558
Anchorage, Alaska 99501
P: 907.677.8111 / F: 907.917.2075
Alaska Bar No.: 2305038

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 19th day of July 2024, a true and accurate copy of the Foregoing Document has been caused to be served via electronic filing to the parties, including:

AUSA Jennifer Lowe Ivers
AUSA Seth Beausang

/S/ Alexis Howell
Alexis Howell

DEFENDANT'S MOTION FOR APPROPRIATE RELIEF:
DISMISSAL OF INDICTMENT OR ORDER
OF NEW TRIAL                                              *United States v. Hernandez-Zamora*
Page 29 of 29                                            Case No.: 3:21-cr-00062-SLG-MMS
Case 3:21-cr-00062-RRB-MMS   Document 276   Filed 07/19/24   Page 29 of 29