Alexis Howell
Carlson Law Group, LLC
645 G Street, Suite 100, #558
Anchorage, AK 99501
P: 907.677.8111
F: 907.917.2075
Email: alexis.h@bcarlsonlaw.com

CJA Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 3:21-cr-00062-SLG-MMS |
| Plaintiff, | ) | |
| vs. | ) | **MOTION REQUESTING BAIL REVIEW** |
| ROLANDO HERNANDEZ-ZAMORA, | ) | |
| Defendant. | ) | |

**COMES NOW**, Defendant, Ronaldo Hernandez-Zamora ("Ronaldo"), by and through his counsel of record, Alexis E. Howell of Carlson Law Group, LLC, hereby moves this Honorable Court to hold a bail hearing. Rolando seeks authorization for a condition of release allowing him to be released based on his proposed plan, which is further detailed below.

Ronald was charged with Cyberstalking in violation of a Protective Order, in violation of 18 U.S.C. §§ 2261(A)(2) and (B), 2261 (b)(6). The mandatory minimum sentence for this offense is one year. The maximum sentence is five (5) years. Since his arrest, Rolando has been detained for over years at the time of filing this motion - clearly

more than the minimum sentencing for this office. Additionally, although he has not reached the statutory maximum for this offense, he is now within his guideline sentencing range. In other words, Rolando has served a period of incarceration close to the statutory maximum for the offense and has served well over the minimum.

Given the current events surrounding the judicial misconduct within the District Court of Alaska, Rolando filed his *Motion for Appropriate Relief: Dismissal of Indictment or Order of New Trial* (docket 276) for violation of his Due Process Rights and the violation of the Supervisory Powers of the judiciary on or about July 19, 2024. With his motion, Rolando is seeking a new trial.

While he waits for a determination on this motion, Rolando requests a review of the bail conditions.

## REQUESTED RELIEF

Rolando is proposing that (1) he is placed on electronic monitoring with Pretrial Services; (2) the Court place him on twenty-four-hour home detention at the home of his friend and former employer, Tammy McCormick, and her husband Dr. John McCormick. The McCormicks are able to employ Rolando on-site. Rolando further requests a pass for employment, medical treatment, court appointments, attorney visits, and groceries, which will be coordinated through Pretrial Services. Pretrial Services has already inspected the McCormicks' home and has determined it is an appropriate location for pretrial release.

Although this arrangement was previously denied, at that point in time, Rolando was on track to trial. At this point in time, Rolando sits in limbo while he awaits a ruling on his motion to dismiss, or for a new trial. As a Reply to his motion has not even been

filed, let alone any hearing set or a ruling on said motion granted, Rolando continues to sit in jail. This is a violation of his Due Process rights, as there is a strong potential that if sentencing was held today, Rolando would be sentenced to time-served. In this way, each day Rolando continues to spend incarcerated is unjust.

Rolando's proposed conditions are sufficient to mitigate any danger to the community and he is not a risk of flight under 18 U.S.C. § 3143(b). In this case, although Y.S. continues to reside in Alaksa, Rolando is not aware of her address. Furthermore, ankle monitoring and home arrest would prevent his contact with her. There is no evidence that Rolando has even attempted to contact Y.S. during the entire pendency of this case. Release would allow Rolando to become employed and work to reestablish his livelihood while the Court process continues forward. Although Rolando has once been detained for violating conditions of release, his conditions at that time were significantly more permissive than what he is currently requesting. Monitoring and house arrest are more than sufficient to eliminate any risk of danger to the community.

Further, there is no evidence Rolando is a flight risk. To the contrary, he has been incredibly involved in his defense and has been present for every court proceeding. Additionally, there is no evidence Rolando traveled or attempted to travel without court permission or flee the state throughout the process of litigation. Finally, Rolando is established in Alaska, has friends and family locally, and desires to put this case behind him.

///

///

## CONCLUSION

Rolando respectfully requests that the Court review the bail conditions considering his motion to dismiss and motion for a new trial for violation of Supervisory Powers of the judiciary, and the fact that he is almost at time served. The defendant meets the criteria for release pending appeal as he is not a flight risk, and his proposal sufficiently mitigates any risk of danger to the community

Respectfully submitted this 2nd day of August 2024.

/S/ Alexis Howell
645 G Street, Suite 100, #558
Anchorage, Alaska 99501
P: 907.677.8111 / F: 907.917.2075
Alaska Bar No.: 2305038

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 2nd day of August 2024, a true and accurate copy of the Foregoing Document has been caused to be served via electronic filing to the parties, including:

AUSA Jennifer Lowe Ivers

/S/ Alexis Howell
Alexis Howell