IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:21-cr-00062-MAH |
| Plaintiff, | ORDER |
| v. | |
| ROLANDO HERNANDEZ-ZAMORA, | |
| Defendant. | |

HERNÁNDEZ, Senior District Judge:

On July 19, 2024, Defendant filed a motion for either dismissal of the indictment or a new trial based on misconduct by former U.S. District Court Judge Joshua Kindred and a senior Assistant United States Attorney ("AUSA 1"). Def. Mot. New Trial, ECF 276. Prior to filing a response to Defendant's motion, the Government sought a protective order concerning confidential material it planned to disclose to defense counsel. Gov't Mot. Protective Order, ECF 303. The Court granted the motion for a protective order, and all materials that were subject to

1 – ORDER

the protective order were filed under seal, including the response and reply briefs related to the motion for a new trial. The Court ultimately granted Defendant's motion for a new trial, finding that the relationship between Judge Kindred and AUSA 1 created an appearance of impropriety in violation of 28 U.S.C. § 455. Op. & Order, ECF 330. The Court's opinion, which referenced the sealed materials, was also filed under seal.

Now, Defendant asks the Court to amend the protective order so that the above-referenced materials are accessible to the public. Specifically, he asks that the Court unseal and remove redactions from these court filings, arguing that they contain important information about judicial and prosecutorial misconduct in this case.[1] Def. Reply Mot. Am. Protective Order 2-3, ECF 336. The Government opposes Defendant's motion. For the reasons that follow, the Court grants in part and denies in part Defendant's motion.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commcn's Inc.*, 435 US 589, 597–98 (1978)). There is a "strong presumption in favor of access" to court records except for those traditionally kept secret, such as grand jury transcripts and warrant materials. *Id.* (citing *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003)). Courts, therefore, require "compelling reasons" to seal judicial records: "[T]he party [seeking to seal a judicial record] must articulate compelling reasons supported by specific factual findings that

---

[1] Defendant originally moved to amend the protective orders "because they severely impinge on defense counsel's ability to litigate [Defendant's] motion to dismiss the indictment, or in the alternative motion for new trial." Def. Mot. Am. Protective Order 1-2, ECF 313. While the parties briefed the motion, however, the Court granted the motion for a new trial. *See* Op. & Order. In his reply, Defendant clarified that he still seeks to amend the protective order but now on slightly different grounds.

2 – ORDER

outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178–79 (internal citations and quotations omitted). If, after balancing the interests of the public and the party seeking to keep certain judicial records secret, "the court decides to seal certain judicial records, it must 'base its decision on a compelling reason and articulate a factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id.* at 1179 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

The Government has not demonstrated a compelling reason to maintain the materials related to Defendant's motion for a new trial under seal. There is a significant public interest in Defendant's motion for a new trial, *United States v. Kaczynski*, 154 F.3d 930, 932 (9th Cir. 1998) (noting the public has an "interest in obtaining information bearing on the workings of the criminal justice system"), and the information the Government seeks to maintain under seal goes to the heart of that motion. The timing and details of the relationship between AUSA 1 and Judge Kindred as well as the Court's reasoning in granting Defendant's motion for a new trial should be accessible to the public. While the documents reference matters of a very private nature that will have repercussions for the AUSA 1, these concerns are significantly outweighed by the public's interest in the litigation surrounding the motion for a new trial given the conduct of both Judge Kindred and AUSA 1, and its potential impact on other matters in the District of Alaska.[2] *See Kamakana*, 447 F.3d at 1179 ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.").

---

[2] Indeed, the Government has since filed a Motion for Order Permitting Production of the Court's sealed Opinion & Order granting a new trial because there are pending cases which may be affected by Judge Kindred's misconduct. Gov't Mot. Order Permitting Prod., ECF 365.

The Court, however, finds that there are compelling reasons to protect AUSA 1's identity. To balance the public's interest with the Government's concerns that the court documents will be used for an improper purpose—such as public scandal—the Court will require the parties to amend their public filings so that the name of AUSA 1 is not revealed. *See* Gov. Resp. Mot. Am. Protective Order 6 (citing *Kamakana*, 447 F.3d at 1179), ECF 328. Where possible, the parties shall amend their documents to refer to the senior AUSA as "AUSA 1," as the Court has done in this decision. If a document cannot be so amended—for example, in February 2023 and August 2024 letters—AUSA 1's name shall be redacted.

The Court also finds there are compelling reasons to maintain the redactions in the February 2023 and August 2024 letters. *See* Gov. Exs. A & B, ECF 306-1. As the Government notes, the redacted materials would only serve to reveal additional private information with no relationship to the motion for a new trial. The redactions in the February 2023 and August 2024 letters include recipient information and matters unrelated to AUSA 1's relationship with Judge Kindred. This information is not relevant to Defendant's motion for a new trial. *See Kaczynski*, 154 F.3d at 932 (affirming district court decision to redact portions of competency report where the redactions concerned matters that had little relationship to the issue of competency or had the potential to embarrass third parties).

///

///

///

///

## CONCLUSION

The Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Amend Protective Orders [313]. The parties shall file unsealed but amended versions of the documents filed at ECF 301, 302, 303, 304, 305, 306, 308, 313, 315, 326, 327, 328, and 336. To the extent possible, the parties shall amend their filings to refer to the senior AUSA as "AUSA 1." The Court will file an amended version of its September 27, 2024 Opinion & Order consistent with this Order. The Court will not require the Government to file unredacted versions of the February 2023 and August 2024 letters filed at ECF 306-1. Because the Court will be filing a public version of its September 27, 2024 Opinion & Order [330], the Court DENIES AS MOOT the Government's Motion for Order Permitting Production of the Court's Sealed Opinion & Order [365].

IT IS SO ORDERED.

DATED:     December 8, 2024    .

_____
MARCO A. HERNÁNDEZ
United States Senior District Judge