# UNITED STATES DISTRICT COURT
### District of Alaska

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>ROLANDO HERNANDEZ-ZAMORA | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Supervised Release**)<br>Case Number: 3:21-CR-00062-001-MAH<br>USM Number: 15955-006<br>Alexis Elise Howell<br>Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☒ was found guilty on count(s)   1s of the First Superseding Indictment (Dkt. 32)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2261A(2)(A)(B),<br>18 U.S.C. § 2261(b)(6) | Cyberstalking | 05/29/2020 | 1s |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____    ☐ is    ☐ are    dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

12/5/2024
Date of Imposition of Judgment

*/s/ Marco Hernandez*
Signature of Judge

Marco A. Hernandez, Senior United States District Judge
Name and Title of Judge

December 10, 2024
Date

DEFENDANT:    ROLANDO HERNANDEZ-ZAMORA
CASE NUMBER:    3:21-CR-00062-001-MAH

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

54 MONTHS

☒ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends placement at FCI Sheridan, in Sheridan, Oregon.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　☐ at _____ ☐ a.m. ☐ p.m. on _____.

　☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☐ before 2 p.m. on _____.

　☐ as notified by the United States Marshal.

　☐ as notified by the Probation or Pretrial Services Office.

**RETURN**

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MARSHAL

　　　　　　　　　　　　　　　　　　　　By _____
　　　　　　　　　　　　　　　　　　　　　　　DEPUTY UNITED STATES MARSHAL

DEFENDANT: ROLANDO HERNANDEZ-ZAMORA  
CASE NUMBER: 3:21-CR-00062-001-MAH

Judgment — Page **3** of **8**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

3 YEARS

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☒ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached pages.

DEFENDANT:        ROLANDO HERNANDEZ-ZAMORA              Judgment — Page **4** of **8**
CASE NUMBER:      3:21-CR-00062-001-MAH

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4. You must answer truthfully the questions asked by your probation officer.

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

# SPECIAL CONDITIONS OF SUPERVISION

1. At the direction of the probation officer, you must obtain a substance abuse assessment and participate in any recommended outpatient treatment. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The treatment program must be approved by the United States Probation Office, and the program may include testing to determine whether you have reverted to the use of drugs or alcohol. At the direction of the probation officer, you may be required to pay for all or a portion of any treatment program.

2. In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, you must submit up to 12 drug and/or alcohol tests per month as directed by the probation office. Such testing methods may include urinalysis testing, sweat patch, portable breath test, and any other approved testing methods available.

3. You must not consume or possess any alcohol during the period of supervision. You must not knowingly enter any bars, taverns, clubs, or any other establishment where the primary merchandise sold is alcohol, without first obtaining permission of the probation officer.

4. You must participate in a mental health assessment, as directed by a probation officer, and participate in an outpatient mental health treatment program as determined necessary by a medical or mental health professional. You must follow any treatment directions of the treatment provider. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). At the direction of the probation officer, you may be required to pay for all or a portion of any treatment program.

5. You must enter and participate in an anger management program as directed by the probation officer. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). At the direction of the probation officer, you may be required to pay for all or a portion of the program.

6. You must take medication as prescribed by a medical professional that provides mental health treatment, unless you object, in which event, you must immediately notify the probation officer.

7. You must take all medication as prescribed by a licensed professional and sign a release of information to allow the exchange of information between the licensed professional and the probation officer.

8. You must submit to a warrantless search of person, residence, vehicle, and other property by a federal probation officer, or other law enforcement officer at the direction of U.S. Probation, based upon reasonable suspicion of contraband or a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation of supervision. You must warn persons with whom you share a residence that the premises may be subject to search.

9. As referred by the probation officer, you must reside in a transitional living center for a term of up to 180 consecutive days. You must comply with the rules of the center. You must pay all or part of the cost of the program based on the ability to pay as determined by the probation officer.

10. You must comply with the rules and regulations of the Bureau of Immigration and Customs Enforcement and if deported from this country, either voluntarily or involuntarily, must not reenter the United States illegally without the express consent of the Secretary of the Department of Homeland Security. Upon any reentry into the United States during the period of Court-ordered supervision, you must report to the nearest U.S. Probation Office within 72 hours.

11. You must enroll in the Computer Internet Monitoring Program (CIMP) and abide by the requirements of the CIMP Participation Agreement. You may not use or possess any computer that is not subject to the CIMP without prior permission of the probation officer. For purposes of these conditions of supervised release and your participation in CIMP, "computer" means any electronic device capable of accessing or storing material.

12. You must not contact in any manner any of the victims referenced in the charging document and identified in the discovery, including <u>Y.S., Y.S.'s parents, and N.F.</u> Contact by any method, including, but not limited to, email, social media, telephone, mail, facsimile, or in person is expressly prohibited during the period of supervision. You must stay

away from the victim's residential street and/or place of employment, unless approved in advance by the U.S. Probation Officer and victim notification has been made. You must comply with any custody orders with the State of Alaska regarding your child A.S.

/////////////////////////////////////////////////////////////////////////////////////////

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at www.uscourts.gov.

Defendant's Signature _____     Date _____

_____                              _____

DEFENDANT: ROLANDO HERNANDEZ-ZAMORA  
CASE NUMBER: 3:21-CR-00062-001-MAH

Judgment — Page **7** of **8**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 100.00 | $ 2,757.95 | Waived | N/A | N/A |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Y.S. | $2,757.95 | $2,757.95 | 100% |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| TOTALS | $2,757.95 | $2,757.95 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☒ the interest requirement is waived for the ☐ fine ☒ restitution

    ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

---

\*  Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299  
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.  
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: ROLANDO HERNANDEZ-ZAMORA
CASE NUMBER: 3:21-CR-00062-001-MAH

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒ Lump sum payment of $2,857.95 due immediately, balance due

    ☐ not later than _____, or

    ☒ In accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (*e.g., weekly, monthly, quarterly*) installments of $ _____ over a period of _____ (*e.g., months or years*), to commence _____ (*e.g., 30 or 60 days*) after the date of this judgment; or

D ☐ Payment in equal _____ (*e.g., weekly, monthly, quarterly*) installments of $ _____ over a period of _____ (*e.g., months or years*), to commence _____ (*e.g., 30 or 60 days*) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (*e.g., 30 or 60 days*) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

Any unpaid amount is to be paid during the period of incarceration at a rate of 50% of wages earned while in the custody of the Bureau of Prisons and during the period of supervision in monthly installments of not less than 10% of the defendant's gross monthly income or $25, whichever amount is greater.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program are made to the United States District Court, District of Alaska. For restitution payments, the Clerk of the Court is to forward money received to the party(ies) designated to receive restitution specified on the Criminal Monetary Penalties (Sheet 5) page.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA Assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.